IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DAVID L. TOLBERT,** : | |
| : | |
| Petitioner, : | |
| : | |
| VS. : | |
| : | NO. 5:15-CV-00203-MTT-MSH |
| **Warden TOM GRAMIAK,** : | |
| : | |
| Respondent. : | |

_____

## **ORDER**

Presently pending before the Court are *pro se* Petitioner David L. Tolbert's motion for reconsideration (ECF No. 26) as well as Petitioner's motion for leave to proceed *in forma pauperis* on appeal (ECF No. 31). Petitioner apparently seeks to appeal to the Eleventh Circuit an order of the United States Magistrate Judge denying Petitioner's motion for discovery (ECF No. 23), and Petitioner also seeks reconsideration of that order. For the following reasons, the Court finds both of Petitioner's motions must be **DENIED**.

**I.     Motion for Reconsideration**

Petitioner first seeks reconsideration of the non-dispositive order of the Magistrate Judge denying his request for discovery. Pursuant to Federal Rule of Civil Procedure 72(a),

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any

part of the order that is clearly erroneous or is contrary to law. Petitioner's "motion for reconsideration" was filed within fourteen days of the Magistrate Judge's order denying discovery, and the Court will therefore construe the motion as an objection to that order pursuant to Rule 72(a).

A central issue in Petitioner's collateral attacks on his conviction is his contention that a trial court judge, Judge Nunn, improperly struck his statutory demand for a speedy trial under Georgia law. (*See, e.g.,* Pet. Writ Habeas Corpus 17-18, ECF No. 1.) Petitioner alleges that Judge Nunn's failure to enter an order striking Petitioner's speedy trial demand caused a host of statutory and constitutional violations that ultimately warrant habeas relief. *See id.* Petitioner's discovery motion requested various documents and depositions he believed relevant to this issue, but he seeks reconsideration as to only one of the items initially requested: the deposition of Judge Nunn. (*See* Mot. Recons. 2, ECF No. 26.) The Magistrate Judge found it unnecessary to order a deposition of Judge Nunn because the record was "clear as to how and why the speedy trial demand was struck." (Order Den. Discovery, June 3, 2016, ECF No. 23.) The Magistrate Judge thus found that Petitioner had failed to establish the existence of "good cause" to expand the record to require a deposition of Judge Nunn. *See id.*

It is undisputed that Judge Nunn failed to enter a written order striking Petitioner's speedy trial demand; indeed, the Georgia Court of Appeals noted that it was "wholly undisputed that the speedy-trial demand was struck off the record and was done without a written order." *See Tolbert v. State*, 313 Ga. App. 46, 51 n.21 (2011). Petitioner argues in his motion for reconsideration, however, that there is nothing in the record "from Hon.

2

Nunn" showing that Judge Nunn made even an oral ruling off the record to strike the speedy trial demand. (Mot. Recons. 2 ("This is what the petitioner is disputing, whether or not Hon. Nunn, in fact, did dismiss the demand even off the record . . . .").) While this may be accurate, the record does reflect that Petitioner's counsel at the time admitted the speedy trial demand was struck by Judge Nunn in chambers. (*See, e.g.,* Ex. 6a part 1 to Resp.'s Notice of Filing at 109, ECF No. 15-7 (Petitioner's counsel acknowledges that there was "no longer officially a Speedy Trial Demand" and that Judge Nunn "was going to continue the case but he was gonna take away [the] Speedy Trial Demand" because counsel was unavailable for trial due to illness); *see also* Ex. 2 to Resp.'s Notice of Filing 9, ECF No. 15-3 (state court order denying habeas corpus relief) ("What had happened in chambers was trial counsel told the judge that he was sick and did not know if he would be able to go forward with a trial and based on this the judge struck Petitioner's speedy trial demand.").)[1] Petitioner has not specifically stated why his counsel's admission is not sufficient to establish that his speedy trial demand was struck or why Judge Nunn's deposition testimony would be necessary to further elaborate on the circumstances under which it was struck. The Magistrate Judge's ruling that there is no "good cause" to grant Petitioner permission to take Judge Nunn's deposition at this time is therefore not clearly

---

[1] It also appears undisputed that the trial court granted Petitioner permission to file an out-of-time speedy trial demand, but Petitioner failed to do so. *See, e.g., Tolbert v. Toole*, 296 Ga. 357, 359 (2014) (noting that the court of appeals had found the "off-the-record handling" of Petitioner's speedy trial demand "disconcerting" and "troubl[ing]" but that "the demand had been struck, and Tolbert had then acquiesced in that ruling and waived the opportunity to file an out-of-time demand"); *see also* Exh. 6a part 2 to Resp.'s Notice of Filing 58, ECF No. 15-8 (order granting Petitioner's motion to file out-of-time trial demand).

erroneous or contrary to law.  The Court therefore **DENIES** Petitioner's motion for reconsideration (ECF No. 26).

II.     **Motion for Leave to Appeal** *in forma pauperis*

As to Petitioner's motion for leave to appeal *in forma pauperis*, the Order from which Petitioner seeks to appeal is a nonfinal, nonappealable order, and thus Petitioner cannot establish that he has a non-frivolous issue for appeal.  *See* 28 U.S.C. § 2253 (providing right of appeal for a "final order" in a habeas corpus proceeding); *see also Wainwright v. Borden*, 368 F.2d 1000, 1000 (5th Cir. 1966) (per curiam) (district court order granting motion for discovery and conditional inspection of a state presentence investigation report not appealable because not a final decision). [2]  Accordingly, Petitioner's motion to proceed *in forma pauperis* on appeal (ECF No. 31) is also **DENIED.**

.                          **SO ORDERED** this 15th day of September, 2016.

>S/ Marc T. Treadwell
>MARC T. TREADWELL, JUDGE
>UNITED STATES DISTRICT COURT

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.